## Morgan v. Morgan.

(Decided May 13, 1914.)

### Appeal from Whitley Circuit Court.

1. **Sureties—Contribution—Plea of Estoppel.**—In a suit by a surety against his co-surety for contribution, an answer which pleads as an estoppel that the plaintiff told defendant that the plaintiff had in his hands money belonging to their common debtor sufficient to pay the debt, and would so apply it if defendant would not sue their common debtor, was an insufficient plea of estoppel because it failed to allege the solvency of the common debtor at the time of the representation.

2. **Sureties—Contribution—Instruction.**—Where, in a suit by a surety against his co-surety for contribution, the uncontradicted proof showed that the common debtor was insolvent at all times, it was error for the trial court in its instruction to predicate a verdict for the defendant upon the theory that the alleged acts of estoppel by the plaintiff were done while the common debtor was solvent.

R. S. ROSE for appellant.

TYE & SILER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On April 4, 1910, George Morgan executed his note to Rains for $505.70, payable eight months thereafter, with the appellant Mat H. Morgan and the appellee Henry L. Morgan as sureties thereon.

In April, 1911, Mat H. Morgan paid the note, and in September, 1912, he instituted this action to recover from Henry L. Morgan his co-surety, one-half of $505.70, the amount of the note.

The petition alleged, among other things, that George Morgan, the principal, was insolvent continuously from the time he executed the note up to and including the time the suit was brought, in September, 1912.

In the first paragraph of his answer, Henry Morgan traversed the allegations of the petition. The second paragraph of the answer plead an estoppel by alleging that prior to the payment of the note in question Henry Morgan said to Mat Morgan, the plaintiff, that they should take steps against the principal, George Morgan, to secure themselves from loss as sureties on the note; that thereupon the plaintiff, Mat Morgan, said to the defendant that he, the plaintiff, owed George Morgan a store account for more than $230.00, and that he guessed he would have to pay the note in question; that shortly thereafter the plaintiff told the defendant that he, the plaintiff, had paid the note in full with money belonging to George Morgan, and which he had realized as profits in a timber deal; that between the time the note was paid and the suit was brought, the plaintiff had paid to the defendant over $700.00 to cover indebtedness due defendant, without making any claim whatever that defendant was indebted to him; that but for said statements and conduct of the plaintiff, the defendant could and would have taken legal steps against George Morgan, and in that way would have secured himself from loss, but that the plaintiff by his said statements and conduct had caused the defendant to do that which he would not otherwise have done; that plaintiff made said statements for the purpose of having the defendant act thereon; that defendant in good faith relied upon the statements so made by the plaintiff, and that by reason of said acts the plaintiff was estopped from claiming that defendant was indebted to him in any sum by reason of his co-suretyship upon said note.

The court overruled a demurrer to the second paragraph of the answer, and a reply was thereupon filed, making an issue. That issue was submitted to the jury, and it having found for the defendant, the plaintiff appeals.

It is insisted that since the second paragraph of the answer alleges that plaintiff paid the $700.00 on other matters separate and distinct from the note, it has nothing whatever to do with this case, and is no defense to plaintiff's action; and that the further allegation that defendant would have taken steps against George Morgan and would have secured himself against loss, without stating what steps he would have taken, or what steps he was thereby induced not to take, is wholly insufficient to constitute a charge of estoppel against the plaintiff.

The same criticism is made of the allegation that defendant was misled into doing what he would not otherwise have done, there being no allegation that he would have done any specific thing.

Appellant further contends that in order for the second paragraph of the answer to be good against the demurrer, it should not only have alleged that he was misled to his prejudice by the statements of the plaintiff to the effect that he owed George Morgan enough to pay the note, but he should further have alleged that George Morgan, the principal in the note, was solvent at the time defendant claims to have refrained from taking action against him, and that it must have alleged facts showing that he could and would have protected himself at the time the alleged misleading statements were made.

These criticisms of the answer are well founded.

The only allegation of the second paragraph thereof which amounts to an estoppel against appellant is the statement attributed to him that he had in his hands or possession money belonging to George Morgan, sufficient to satisfy the note sued on, and that he would pay said note out of said sum if appellee would not enforce the collection of the note against George Morgan. But the availability of this plea of estoppel was dependent upon the solvency of George Morgan at the time, since if George Morgan was insolvent appellee could not have protected himself by taking legal proceedings against him.

It is conceded that appellant has paid the note, and that appellee has paid nothing thereon.

The court instructed the jury to find for the appellant Mat Morgan unless it should believe from the evidence that while George Morgan was solvent, Mat Morgan made the statement to Henry Morgan last above referred to, about paying the debt out of money in his hands belonging to George Morgan, and that Henry Morgan relied upon said statement and failed to prosecute the claim. The instruction is a correct statement of the law, but it was not authorized by either the pleadings or the proof.

As above stated, the plea in estoppel was not available unless it showed the solvency of George Morgan, and in this respect the second paragraph of the answer was insufficient. The demurrer thereto should have been sustained.

Furthermore, there is no proof that George Morgan was solvent at any time after he executed the note sued on; on the contrary, only one witness testifies upon that subject, and he says that George Morgan was insolvent at all times. The instruction was, therefore, erroneous, since a verdict for the defendant was predicated upon the solvency of George Morgan. Under the proof, which shows beyond question that George Morgan was insolvent at all times, appellee could not have been prejudiced by any statement that induced him to refrain from taking legal steps against George Morgan, since no legal steps could, under the circumstances, have availed him anything.

Under the pleadings and the proof, there should have been a peremptory instruction for the jury to find for the plaintiff; and if, upon another trial, the evidence is the same, the trial court should so rule.

Judgment reversed for further proceedings consistent with this opinion.